Jorge MARTINEZ–ISLAS;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–72979.

Agency Nos. A74–809–110, A74–809–111, A74–809–112.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Jorge Martinez–Islas, Los Angeles, CA, pro se.

Maria M. Escobedo–Jaimes, Los Angeles, CA, pro se.

Juanita Patricia Martinez–Escobedo, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

MEMORANDUM**

Jorge Martinez–Islas, his spouse Maria Escobedo–Jaimes, and their daughter Juanita Martinez–Escobedo, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen or reconsider. We review for abuse of discretion. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We deny the petition.

In their motion to reopen or reconsider, petitioners requested that the BIA consider the availability of repapering relief. *See Alcaraz v. INS*, 384 F.3d 1150, 1152–53 (9th Cir.2004) (describing the "safety-net provision for aliens rendered ineligible for suspension of deportation because of the retroactive stop-time rule" referred to as "repapering" relief). However, repapering relief is only available to aliens who are statutorily eligible for cancellation of removal. *See id.* at 1155; *see also* 65 Fed. Reg. 71273, 71274 (Nov. 30, 2000) ("Repapering applicants must also be statutorily eligible for cancellation of removal ... at the time of application."). Here, the BIA correctly found that petitioners were ineligible for cancellation of removal because they overstayed their voluntary departure period. *See* 8 U.S.C. § 1229c(d). Accordingly, it was not an abuse of discretion to deny petitioners' motion because they were not eligible for repapering relief.

We do not have jurisdiction to consider petitioners' contentions regarding alleged error in the immigration judge's ("IJ") finding that they lacked requisite continuous physical presence for suspension of deportation because petitioners did not appeal the BIA's summary affirmance of the IJ's decision. *See Martinez—Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.